UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WILLIAM LAWRENCE NASH, §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>VICTORIA YOUNG, DEPUTY JOHN §<br>DOES 1-5, FIREFIGHTER JOHN DOES 1-§<br>3, DEPUTY DETECTIVE JOHN DOE, §<br>*Defendants* § | Case No. SA-24-CA-01333-XR |

## ORDER DENYING MOTION

On this date, the Court considered Plaintiff Willian Lawrence Nash's Motion for Leave to File an Amended Complaint and Modify Scheduling Order (ECF No. 19). After careful consideration, the Motion is **DENIED**.

### BACKGROUND[1]

In January 2023, Plaintiff initiated and supervised a "controlled burn" on his property. ECF No. 1 ¶ 15. Later the same day, Defendant Victoria Young, a sheriff's deputy employed by Kerr County, *id.* ¶ 6, knocked on Nash's door. *Id.* ¶ 18. Nash answered, and Young said that someone had reported a fire nearby. *Id.* Nash explained his controlled burn and suggested that Young inspect the burn site, which was at the bottom of a canyon. *Id.* ¶¶ 19–20. Young said she would be calling a firetruck. *Id.* ¶ 21. Nash did not believe a vehicle could safely descend into the canyon, and he knew there was no fire risk from the earlier controlled burn. *Id.* ¶¶ 21–22. So he parked his truck in a manner that blocked vehicle access to the canyon. *Id.* Nonetheless, Nash later learned that individuals from the Sheriff's Office entered his property without his permission "to check out the supposed fires." *Id.* ¶ 30.

---

[1] These facts are taken from the operative Complaint and assumed to be true for purposes of this Order.

1

Later, Young and another officer, identified in the complaint as "Deputy Doe," returned to Nash's home and demanded that he sign a citation for violating a burn ban. *Id.* ¶ 25. Nash did not sign a citation at that time but went to the Kerr County Sheriff's Office the next morning to do so. *Id.* ¶ 28. Two days later, he paid the associated fine. *Id.*

Nash subsequently submitted a written complaint to the Sheriff's Office regarding Young and Deputy Doe's conduct. *Id.* ¶ 29. The complaint was closed a month later, with a finding that the officers had followed protocol. *Id.*

In May 2023, about four months after Nash's controlled burn, another deputy with the Sheriff's Office arrested Nash for interference with public duties. *Id.* ¶¶ 31–32. The charge was ultimately dismissed. *Id.* ¶ 32.

In November 2024, Nash brought this Section 1983 suit alleging First and Fourth Amendment violations by Young and several Doe defendants. ECF No. 1. On November 19, 2025, Nash moved for leave to file an amended complaint, which would substitute Sergeant Casey Spence—who appears to be "Deputy Doe"—for one of the Doe defendants and would dismiss the remaining Doe defendants. ECF No. 19.

**DISCUSSION**

Under Federal Rule of Civil Procedure 15(a)(2), "the [C]ourt should freely give leave [to amend a pleading] when justice so requires." The Rule "'evinces a bias in favor of granting leave to amend,' unless there is a substantial reason to deny leave to amend." *Doe 1 v. City View Indep. Sch. Dist.*, 150 F.4th 668, 677 (5th Cir. 2025) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)). One such "substantial reason" to deny leave is "futility of amendment." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Accordingly, "[a] district

2

court does not abuse its discretion in denying leave where claims against new defendants are barred by the statute of limitations." *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 471 (5th Cir. 2019).

As noted above, Nash seeks to substitute Spence for a Doe defendant. The question, then, is whether the statute of limitations bars Nash's claims against Spence and thus renders the proposed amendment futile. "[T]he length of the limitations period for a [Section] 1983 claim 'is determined by the general statute of limitations governing personal injuries in the forum state.'" *Balle v. Nueces Cnty., Tex.*, 952 F.3d 552, 556 (5th Cir. 2017) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)). In Texas, the relevant limitations period is two years. *Id.*; TEX. CIV. PRAC. & REM. CODE § 16.003(a). The latest incident underlying this suit was Nash's arrest in May 2023, which was over two years before Nash moved for leave to amend his complaint in November 2025.

Nash argues that the amended complaint would relate back to the Original Complaint pursuant to Rule 15(c). ECF No. 19 at 7–8. But

> relation back under Rule 15(c) can apply to a claim asserted against a new party only if the party "received such notice of the action that [the party] will not be prejudiced in defending on the merits; and . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

*Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 421 (5th Cir. 2013) (alterations in original) (quoting FED. R. CIV. P. 15(c)(1)(C)(i)–(ii)). The Fifth Circuit "has clearly held that 'an amendment to substitute a named party for a John Doe does not relate back under Rule 15(c).'" *Winzer*, 916 F.3d at 471 (quoting *Whitt v. Stephens Cnty.*, 529 F.3d 278, 281–82 (5th Cir. 2008)). As such, Nash's attempt to substitute Spence for a Doe defendant does not relate back, and his proposed amendment would be futile.

Nash's request to modify the scheduling order was made "[s]ubject to the Court granting Plaintiff's request to file the amended complaint." ECF No. 19 at 8. Because the Court denies leave to amend, the operative Scheduling Order (ECF No. 17) remains in place.

## CONCLUSION

For the foregoing reasons, Nash's Motion for Leave to File an Amended Complaint and Modify Scheduling Order (ECF No. 19) is **DENIED.**

It is so **ORDERED**.

**SIGNED** this 3rd day of December, 2025.

                                          XAVIER RODRIGUEZ
                                          UNITED STATES DISTRICT JUDGE