**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| WILLIAM LAWRENCE NASH, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-24-CV-01333-XR |
| | § | |
| VICTORIA YOUNG, | § | |
| *Defendant* | § | |

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

Before the Court is United States Magistrate Judge Kelly G. Stephenson's Report and

Recommendation (R&R) (ECF No. 34) and Plaintiff's objections (ECF No. 35). After careful

consideration, the R&R is **ADOPTED** and Defendant's Motion for Summary Judgment (ECF No.

26) is **GRANTED**.

## BACKGROUND

This is a civil-rights action under 42 U.S.C. § 1983. Plaintiff alleges that Defendant

violated his Fourth and First Amendment rights under color of state law.

### I. Facts

In January 2023, Plaintiff's neighbor called 9-1-1 to report Plaintiff for violating the Kerr

County burn ban by setting fires on his rural property. ECF No. 34 at 2–3. Defendant, a Kerr

County Sheriff's Deputy, responded. *Id.* at 3. She observed smoke coming from a canyon behind

Plaintiff's house when she arrived. *Id.* Plaintiff admitted to Defendant that he set several fires. *Id.*

He otherwise refused to answer questions and told Defendant to return the following day. *Id.* He

refused to extinguish any fires. *Id.* He suggested Defendant hike into the canyon to inspect the

burn sites herself. *Id.*

Defendant believed that she had a duty to investigate given the danger that a fire could

pose. *Id.* She called the fire department. *Id.* at 4. In response, Plaintiff drove his truck to the

1

entrance of the canyon to block the path to vehicular traffic and communicate that he did not consent to any entry into the canyon. *Id.* Defendant interpreted the action to mean that Plaintiff did not want anyone to drive into the canyon. *Id.*

Firemen and Sergeant Casy Spence of the Kerr County Sheriff's Office arrived. *Id.* They hiked into the canyon with Defendant. *Id.* They discovered several active fires but determined that they did not present an active threat of spreading. *Id.* The group then returned to the public road. *Id.*

At the end of that day's shift, Defendant wrote an affidavit to support Plaintiff's arrest for interference with public duties. *Id*. at 5. She had no further interaction with Plaintiff. *Id.*

The next day, Plaintiff paid a burn-ban citation. *Id.* The next week, he filed a formal complaint regarding Defendant and Spence's conduct. *Id.* Four months later, Plaintiff was arrested pursuant to a warrant for interference with public duties. *Id.* The charges were later dismissed and the record, expunged. *Id.* at 6. Defendant's affidavit, the warrant, and any orders are unavailable because the record was expunged. *Id.*

Plaintiff sued Defendant under Section 1983 for (1) a search of his property in violation of the Fourth Amendment, (2) a false arrest in violation of the Fourth Amendment, and (3) retaliation for protected speech in violation of the First Amendment. *See* ECF No. 1 at 11–13. Defendant moved for summary judgment. ECF No. 26.

## II. Magistrate Judge Stephenson's Recommendation

The Magistrate Judge reviewed the parties' arguments on summary judgment. *See* ECF No. 34. He recommends that the Court grant the motion and dismiss Plaintiff's claims with prejudice. He concluded that:

(1) Plaintiff failed to raise a fact issue regarding the lawfulness of Defendant's entry onto his property and Defendant's entitlement to qualified immunity, *id.* at 8;

2

(2) there is no fact issue regarding Defendant's liability for false arrest because a different officer arrested Plaintiff pursuant to a warrant, *id.* at 11–20;

(3) Plaintiff failed to meet his burden on his First Amendment retaliation claim because Defendant "took no action after [Plaintiff] filed his complaint" with Kerr County, *id.* at 13–14.

Plaintiff timely objected to the R&R. *See* ECF No. 35.

## LEGAL STANDARD

A party may serve and file objections to a Report and Recommendation within fourteen days. Fed. R. Civ. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive[,] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

## DISCUSSION

Plaintiff makes six objections to the R&R. They are addressed in sequence and overruled.

### I. The Magistrate Judge Did Not Err in Recommending Dismissal of Plaintiff's Unlawful-Search Claim

Plaintiff makes three arguments that Judge Stephenson "erred in concluding that probable cause and exigent circumstances justified the warrantless entry and search." ECF No. 35 at 4.

**A. The Magistrate Judge Correctly Concludes that Defendant Is Entitled to Qualified Immunity for Concluding an Exigency Existed**

Plaintiff first argues that the R&R resolves inference against Plaintiff as the non-movant because "the record negates exigency." *Id.* He points to the fact that the 9-1-1 call was categorized as non-emergency and Defendant arrived 52 minutes after the call. *Id.* He argues that there is at least a fact issue of whether an exigency existed such that Defendant was not obligated to obtain a warrant prior to investigating the canyon on Plaintiff's property. *Id.*

This argument fails to account for the doctrine of qualified immunity. Even if an exigency did not exist, Defendant was not objectively unreasonable, in light of clearly established law, in believing that an exigency justified a warrantless search.

Under the exigent-circumstances exception to the warrant requirement, police need both probable cause and exigent circumstances. *Kirk v. Louisiana*, 536 U.S. 635, 638 (2002).

**1. It Would Be Unreasonable to Conclude that Defendant Lacked Probable Cause**

There is no doubt that Defendant had probable cause. Probable cause existed if "the facts and circumstances within [Young's] knowledge" and "of which [she] had reasonably trustworthy information" would warrant a person of reasonable caution in the belief that Nash was violating the burn ban. *See Carroll v. United States*, 267 U.S. 132, 162 (1925). In other words, it existed if there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Grubbs*, 547 U.S. 90, 95 (2006).

Here, there was probable cause to believe that Plaintiff was violating the burn ban in a manner that presented a danger to the public. A 9-1-1 caller stated that Plaintiff was setting fires. ECF No. 26 at 10. Defendant saw smoke rising from behind Plaintiff's house. *Id.* Plaintiff admitted to starting fires. *Id.* There is no fact issue that Defendant had probable cause to believe Plaintiff was violating the burn ban.

4

**2. It Was Not Objectively Unreasonable for Defendant to Conclude an Exigency Existed**

Defendant is entitled to qualified immunity regarding her conclusion that an exigency existed to justify the search. "The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." *Pearson v. Callahan*, 555 U.S. 223, 244 (2009). This inquiry "turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Wilson v. Layne,* 526 U.S. 603, 614 (1999) (cleaned up); *see also Hope v. Pelzer,* 536 U.S. 730, 739 (2002) ("[Q]ualified immunity operates to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." (cleaned up)).

There is no genuine dispute that Defendant was objectively reasonable in believing that a fire existed and justified warrantless entry. Clearly established law states that "the warrantless entry to put out [a] fire and determine its cause is constitutional." *Michigan v. Tyler*, 436 U.S. 499, 510 (1978). "Because determining the cause and origin of a fire serves a compelling public interest, the warrant requirement does not apply in such cases." *Michigan v. Clifford*, 464 U.S. 287, 293 (1984).

No reasonable juror could conclude that Defendant lacked probable cause to believe a fire existed in violation of the Kerr County burn ban. Clearly established law states that a fire presents an exigency that may permit a warrantless search. Defendant was not objectively unreasonable in believing that the fire justified a warrantless search. She is entitled to qualified immunity for any related violation of Plaintiff's Fourth Amendment rights.

### B. Plaintiff's Objections Fully Presented His Exigent-Circumstances Arguments

Plaintiff next objects to how the exigent-circumstances issue was presented to the Magistrate Judge. ECF No. 35 at 8. He states that Defendant did not fully develop this argument until his Reply brief. *Id.* As such "Plaintiff had no brief of right in which to respond." *Id.*

This argument fails given the current posture. Plaintiff objected to the Magistrate Judge's conclusions regarding exigency. So this Court assesses that conclusion and the arguments related to it *de novo*.

### C. The Magistrate Judge Correctly Relied on Fire-Investigation Cases

Plaintiff also argues that "[n]either the fire-investigation cases nor emergency-aid doctrine fits this record." *Id.* at 9–10. The Court disagrees for the reasons stated.

## II. The Court Need Not Address Plaintiff's Objection Related to the Consent Exception to the Warrant Requirement

Plaintiff's second objection is that the "R&R left Plaintiff's revocation-of-consent theory unaddressed." *Id.* at 10. Plaintiff notes that the Magistrate Judge concluded that the exigent-circumstances exception applied. *Id.* As such, the Magistrate Judge did not reach Defendant's argument that Plaintiff consented to Defendant's search. *Id.* Plaintiff disagrees with the exigency conclusion and accordingly reasserted his argument that the consent-search exception did not apply.

The Court agrees with the Magistrate Judge: Defendant is entitled to qualified immunity based on her belief that exigent circumstances justified the warrantless search. The Court need not address whether the consent exception applied.[1]

---

[1] Even if this were necessary, it is doubtful that Plaintiff would prevail. He argues that Defendant intruded into a constitutionally protected space by crossing his driveway. *But see United States v. Cisneros-Gutierrez*, 598 F.3d 997, 1005 (8th Cir. 2010) ("Although the Fourth Amendment's protection extends to the curtilage[,] . . . no Fourth Amendment search occurs when officers restrict their movements to those areas generally made accessible to visitors—*such as driveways*, walkways, or similar passageways." (emphasis added, quotation marks omitted)).

**III. The Intervening-Intermediary Doctrine Precludes Defendant's Liability for Plaintiff's Arrest**

Plaintiff's third objection is that "[t]he R&R misapplied the independent-intermediary doctrine." ECF No. 34 at 12. This doctrine states that an officer cannot be liable for a false arrest if the facts to support the arrest are placed before a grand jury or magistrate who reviews those facts and issues a warrant. *United States v. Leon*, 468 U.S. 897, 913 (1984).

Plaintiff claims that the Magistrate Judge made an improper inference to conclude that this doctrine applied. *Id.* There is no arrest warrant in the summary-judgment record. *Id.* at 13. Plaintiff accordingly takes issue with the R&R when it states: "A magistrate or grand jury must have reviewed Deputy Young's affidavit for the arresting officer to obtain an arrest warrant. This is a logical conclusion based on the undisputed facts in evidence—and Nash offers no evidence to the contrary." ECF No. 34 at 16. Plaintiff argues that this conclusion improperly resolves an inference (the lack of a warrant in the record) against Plaintiff as the nonmovant.

No inference is required to conclude that the intervening-intermediary doctrine applies. Even though the warrant is not in the summary-judgment record, there is direct evidence that it existed and Plaintiff was arrested pursuant to it. Plaintiff's arresting officer stated that the arrest was pursuant to a warrant. ECF No. 26 at 15. And Plaintiff himself admitted that the arrest was accomplished "by obtaining a warrant." ECF No. 1 at 50. No inference is required to conclude that a warrant existed; direct and unrefuted evidence, in addition to Plaintiff's admission, supports the conclusion.

"[A] search warrant provides the detached scrutiny of a neutral magistrate . . . ." *Leon*, 468 U.S. at 913 (cleaned up). "[I]f facts supporting an arrest are placed before . . . a magistrate[,] the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010). The Magistrate

Judge correctly concluded that the issuance of a warrant meant that the intervening-intermediary doctrine applied to preclude Defendant's liability for a false arrest.

## IV. There Is No Fact Issue Regarding Defendant's Tainting of the Arrest Warrant

Plaintiff's fourth objection is that, even if the intervening-intermediary doctrine applied, there is a genuine dispute whether Defendant tainted the arrest warrant. The intervening-intermediary doctrine does not apply if "it can be shown that the deliberations of [the] intermediary were in some way tainted by the actions of the defendant and that 'taint' is material." *Green v. Thomas*, 129 F.4th 877, 888 (5th Cir. 2025) (cleaned up). "Any misdirection of the magistrate . . . by omission or commission perpetuates the taint of the original official behavior." *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988).

Plaintiff argues that there is at least a fact question of whether Defendant tainted the warrant such that the intervening-intermediary doctrine does not apply. The alleged taint stems from an omission—specifically, Defendant supposedly omitted from her affidavit that Plaintiff blocked a road on his own property. Plaintiff says that this omission was material because "a magistrate [who is] told that a suspect 'blocked the road leading to where the fires were' forms a very different impression than [a magistrate who is] told that a homeowner parked his truck on his own driveway after asking officers to return the next day." ECF No. 34 at 14.

But Plaintiff provides no evidence that this information was indeed omitted. Taint "must be shown." *Cuadra*, 626 F.3d at 813. Plaintiff can only point to the fact that Defendant "could not recall" whether she included the information. The fact that Defendant cannot conclusively state that the material was included is not affirmative evidence that the material was omitted. That is, the absence of negating evidence cannot function as affirming evidence. Without such evidence, Plaintiff fails to meet his summary-judgment burden. "[M]ere allegations of 'taint,' without more, are insufficient to overcome summary judgment." *Cuadra*, 626 F.3d at 813.

8

Besides, even assuming that the omission occurred, Plaintiff provides no evidence that the omission was material. In other words, there is no evidence that the magistrate relied on the (assumed) representation that Plaintiff blocked a public road rather than his own. *See Taylor v. Gregg,* 36 F.3d 453, 457 (5th Cir. 1994) (finding no summary judgment evidence to support assertions that an intermediary relied on an officer's false report).

Plaintiff fails to raise a genuine dispute of whether this exception to the intervening-intermediary doctrine applies.

**V. The Magistrate Judge Correctly Concluded that Plaintiff Did Not Overcome Qualified Immunity**

Plaintiff's fifth objection is that Judge Stephenson incorrectly concluded that Plaintiff failed to overcome qualified immunity. ECF No. 34 at 15. Plaintiff argues that qualified immunity should not apply to his unlawful-search claim. He states that it was clearly established that an officer cannot enter the curtilage of a home over "express objections" without warrant or a "genuine emergency." *Id.* at 16. Plaintiff claims that Defendant intruded into the curtilage when she crossed his driveway. *Id.* (citing *Collins v. Virginia*, 584 U.S. 586 (2018)).

It is true that "[w]hen a law enforcement officer physically intrudes on the curtilage to gather evidence, a search within the meaning of the Fourth Amendment has occurred. . . . Such conduct thus is presumptively unreasonable absent a warrant." *Collins*, 584 U.S. at 586. But the Magistrate Judge concluded that "[Plaintiff]'s allegations have nothing to do with . . . infringements on the curtilage of his property." ECF No. 26 at 21.

Indeed, Plaintiff fails to point to evidence to support his claim that Defendant intruded into the curtilage. He conclusively states that the driveway is necessarily part of curtilage. ECF No. 35 at 17. This is too broad a claim. Whether an area adjacent to the home is part of the curtilage is a fact-specific inquiry guided by the factors noted in *United States v. Dunn*, 480 U.S. 294, 301

(1987). Under this framework, a "partially enclosed section of [a] driveway" with "direct access" to a home may be curtilage. *See Collins*, 584 U.S. at 593. But that does not mean that all portions of a driveway necessarily are. *See Cisneros-Gutierrez*, 598 F.3d at 1005 ("Although the Fourth Amendment's protection extends to the curtilage[,] . . . no Fourth Amendment search occurs when officers restrict their movements to those areas generally made accessible to visitors—*such as driveways*, walkways, or similar passageways." (emphasis added, quotation marks omitted)). Ultimately, the *Dunn* factors control. *See, e.g.*, *United States v. Beene*, 818 F.3d 157, 162 (5th Cir. 2016) (applying the *Dunn* factors to "hold that the driveway [in that case] was not part of the curtilage of [the defendant]'s home.").

Here, the only evidence is that Defendant crossed a portion of Plaintiff's driveway and entered a canyon behind his home. There is no evidence that this portion was enclosed, close to the home, protected from observation, or "harbor[ing] the intimate activity associated with the sanctity of a man's home and the privacies of life." *See Dunn*, 480 U.S. at 300. In other words, Plaintiff provides no evidence that Defendant did anything more than enter an area "generally made accessible to visitors." *Cisneros-Gutierrez*, 598 F.3d at 1005. Because Plaintiff presents no evidence that the portion of his driveway that Defendant crossed was part of his home's curtilage, he fails to raise a fact issue of whether Defendant acted unreasonably in light of clearly established law. Defendant is entitled to qualified immunity.

## VI. No Reasonable Juror Could Conclude That Defendant Violated Plaintiff's First Amendment Rights

Plaintiff's sixth and final objection is that the Magistrate Judge failed to address his First Amendment retaliation claim. ECF No. 35 at 17. With this claim, Plaintiff argues that he was arrested because he refused to answer any questions, refused a search, and filed a complaint with Kerr County regarding its officers' conduct.

### A. Retaliatory Arrest Standard

Typically, "[t]he plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." *Nieves v. Bartlett*, 587 U.S. 391, 402 (2019). "[I]f the plaintiff establishes the absence of probable cause, . . . [he] must [further] show that the retaliation was a substantial or motivating factor behind the [arrest], and, if that showing is made, the defendant can prevail only by showing that the [arrest] would have been initiated without respect to retaliation." *Id.* at 404. The subjective intent of the defendant is immaterial to this inquiry. *See id.* at 403 ("In the Fourth Amendment context, . . . we have almost uniformly rejected invitations to probe subjective intent." (quotation marks omitted)).

There is a narrow exception to the requirement that the plaintiff prove the absence of probable cause. *Id.* at 406. "The no-probable-cause requirement should not apply when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id.* at 407.

### B. The Magistrate Judge's Recommendation and Plaintiff's Objection

Plaintiff alleged that Defendant violated his First Amendment right to file a complaint of police conduct. *Id.* With this framing, the Magistrate Judge concluded that Defendant "could not have acted in retaliation for [Plaintiff]'s exercise of his First Amendment rights" because she "took no action after [Plaintiff] filed his complaint." *Id.*

Plaintiff believes that the Court should apply a broader construction of his retaliation claim than the one presented in the R&R. He argues not only that he was retaliated against for filing a complaint, but also for refusing entry onto his property and remaining silent during questioning. The latter conduct occurred before Defendant wrote her affidavit.

Additionally, Plaintiff presented evidence suggesting that warrants are rarely issued for burn-ban violations. From this he draws the conclusion that his First Amendment conduct was the

11

only factor that distinguished him from a typical burn-ban violator; that is, he was only arrested because of his First Amendment conduct. ECF No. 35 at 17. So Plaintiff argues that there is at least a fact issue regarding whether Defendant wrote the affidavit because Plaintiff exercised his First Amendment rights.

### C. Even Favorably Construed, Plaintiff Fails to Carry His Burden

Even applying this broader construction, Plaintiff fails to carry his burden. First, Plaintiff was arrested for impeding law enforcement, not violating the burn ban. ECF No. 34 at 5. So his comparator evidence is inapposite. Second, by Plaintiff's own admission, Defendant wrote the affidavit because Sergeant Spence ordered her to. ECF No. 29 at 27. That was the extent of Defendant's involvement; she sent the affidavit "up the chain of command" and had no further interaction with Plaintiff. *Id.* Plaintiff points to no evidence that Defendant sought a warrant with the affidavit or that Defendant arrested Plaintiff four months later.[2] Nor does Plaintiff point to evidence that Defendant had a retaliatory motive.[3] No reasonable juror could conclude from these facts that Defendant took any adverse action against Plaintiff—let alone arrested him—to retaliate against him.

### CONCLUSION

The Court **ACCEPTS** the Magistrate Judge's recommendation. Defendant's Motion for Summary Judgment (ECF No. 26) is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**. A final judgment will issue separately.

---

[2] *See id.* at 28. For this reason, Plaintiff's temporal proximity argument lacks merit. This argument infers a retaliatory motive from the fact that the affidavit "sat dormant" until Plaintiff filed his complaint, when it was then used to secure a warrant. Plaintiff presents no evidence that it was Defendant who sought the warrant.

[3] Plaintiff's only evidence suggesting an improper motive is that Spence, not Defendant, told Plaintiff's wife that "[y]ou don't speak to officers like" Plaintiff did. ECF No. 29 at 27. It was also Spence who told Plaintiff's wife, "We'll be back with a warrant in the morning . . . at 8 a.m. tomorrow with handcuffs." *Id.* Plaintiff does not articulate why any improper motive behind these statements should be imputed to Defendant.

It is so **ORDERED**.

**SIGNED** this June 25, 2026.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE